# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20296

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2014

Lyle W. Cayce
Clerk

ROBERT R. TOLAN; MARIAN TOLAN,

Plaintiffs - Appellants

v.

JEFFREY WAYNE COTTON,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1324

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In May 2009, Robert R. Tolan, Marian Tolan, Bobby Tolan, and Anthony Cooper filed this action, pursuant to 42 U.S.C. § 1983, against numerous defendants, arising out of, *inter alia*, claimed use of excessive force, in violation of the Fourth Amendment. When the summary judgment described *infra* was granted in 2012, however, to Officers Jeffrey Wayne Cotton and John C.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 12-20296

Edwards, on the basis of qualified immunity, the only other defendant in this action was the City of Bellaire, Texas. That summary judgment did not pertain to the City.

As a result of the summary judgment, a final judgment under Federal Rule of Civil Procedure 54(b) (permitting appeal of final judgment for less than all parties or claims) dismissed all of plaintiffs' claims against Officers Cotton and Edwards.

Only two of the four plaintiffs appealed from that Rule 54(b) judgment: Robert and Marian Tolan. And, they challenged the judgment only as to Officer Cotton and only regarding his being accorded qualified immunity against their excessive-force claims.

In April 2013, our court affirmed, holding summary judgment had been proper for Officer Cotton, on the basis of qualified immunity, against the excessive-force claims of Robert and Marian Tolan. *Tolan v. Cotton*, 713 F.3d 299, 309 (5th Cir. 2013).

In May 2014, the Supreme Court vacated our judgment only as to Robert Tolan and remanded for further proceedings, consistent with its opinion, regarding his excessive-force claim against Officer Cotton. *Tolan v. Cotton*, 134 S. Ct. 1861, 1868 (2014).

Considering the summary-judgment record *de novo* in the light of the rulings in the Court's opinion regarding that record, and pursuant to Federal Rule of Civil Procedure 56(a) (summary-judgment standard), a genuine dispute of material fact exists for whether Officer Cotton is entitled to summary judgment, based on qualified immunity, against Robert Tolan's excessive-force claim. Therefore, we hold Officer Cotton is not entitled to summary judgment, on that basis, against that claim.

It goes without saying that all other dismissals pursuant to the Rule 54(b) judgment are not affected by this holding.

No. 12-20296

Accordingly, we VACATE only that part of the Rule 54(b) judgment dismissing Robert R. Tolan's excessive-force claim against Officer Jeffrey Wayne Cotton and REMAND that one claim for further proceedings consistent with this opinion.  These proceedings on remand are in addition to, or to be conducted with, proceedings, if any, against the City of Bellaire, Texas.

AFFIRMED IN PART; VACATED and REMANDED IN PART.